WOPE (SNOW v.). See Case No. 13,149.

WORCESTER (DUNKLE v.). See Case No. 4,162.

## Case No. 18,043.

WORCESTER et al. v. TRUMAN et al.

[1 McLean, 483.] [1]

Circuit Court, D. Ohio. July Term, 1839.

BREACH OF INJUNCTION — ENFORCEMENT OF PENALTY.

1. A rule to show cause why an attachment should not issue, for breach of an injunction, is not the mode of proceeding in this court.

[Cited in Fanshawe v. Tracy, Case No. 4,643; U. S. v. Anonymous, 21 Fed. 767.]

[Cited in Hawkins v. State, 126 Ind. 296, 26 N. E. 44.]

2. A motion should be made that the defendant stand committed for a breach of the injunction, and this motion is made on notice being given to the defendant.

3. No notice having been given in this case, the court overruled the motion for an attachment.

Chase & Fox, for complainants.
Wright & Vaughan, for defendants.

McLEAN, Circuit Justice. Chase & Fox, who appear for complainants, move for attachment against the defendants, on the ground that they have violated the injunction heretofore granted in this case, restraining the publication of certain school books. The allowance of the injunction at the last term is shown, and also a summons with an order indorsed, enjoining the publication of the works, which was served on the defendants. And several affidavits were read which prove that the publication of the books had been continued after notice of the injunction had been served.

Wright & Vaughan objected to the attachment, because no notice had been served on the defendants of this motion; and they insisted that a rule to show cause why an attachment should not issue is the proper mode of proceeding for a disobedience of the injunction.

[1] [Reported by Hon. John McLean, Circuit Justice.]

By a rule adopted by the supreme court, to regulate proceedings in chancery, it is provided that "in all cases where the rules prescribed by that court, or by the circuit court do not apply, the practice of the circuit courts shall be regulated by the practice of the high court of chancery in England." No rule has been adopted by this court to regulate this motion, and we must look to the precedents established in the English courts. "The practice in England formerly was that upon affidavit of the service of the injunction, an attachment issued for the breach of it. If the defendant was arrested on the attachment and entered his appearance, and answered interrogatories under oath, &c., if he denied the service of the injunction, it was required to be proved, &c." Har. Ch. Prac. 552. But in Eden on Injunctions, 56, it is stated, that the modern practice where a contempt for a breach of the injunction is charged, is to give notice of a motion, not that the defendant should show cause why he should not be committed; but that he may stand committed for breach of the injunction, which is moved upon affidavit of the service of the injunction.

In the case of Angerstein v. Hunt, 6 Ves. 487, Mr. Romilly, for the plaintiff, moved that the defendant should show cause why he should not stand committed for breach of the injunction, &c. And the lord chancellor said: "It is not the practice in this court for a man to show cause why he should not stand committed. The motion ought to be, that he shall stand committed for breach of the injunction; and it ought to be made upon personal service upon him, that the court will be moved for that purpose. When the injunction is to do a thing, the course is to move for an order that he shall do it by a particular day, or stand committed. But this is not to do a thing. The proper mode therefore will be to serve him with notice, that the court will be moved, that he shall stand committed." And in the case of Schoonmaker v. Gillett, 3 Johns. Ch. 311, on a motion having been made for an attachment to bring up the defendant; the chancellor, on the authority of the above case, and on the due service of the affidavits and notice, ordered that an attachment issue to the sheriff to bring the defendant into court, to answer for the contempt.

On these authorities, it is clear that it is not the English practice to issue a rule to show cause why an attachment should not issue for a breach of the injunction; and it is equally clear the motion that the defendant should stand committed for the contempt is made after personal service of a notice that such motion would be made. The case in Vesey is on the very point, and also the authority in Johnson.

In the present case, this rule has not been observed. No notice whatever has been given to the defendants that the counsel for the plaintiffs would move that they stand committed for a breach of the injunction. Verbal information was communicated to the counsel at Cincinnati, that a motion for an attachment would be made at the present term; and a motion to this effect was entered on the minutes of the court, two days before it was called up and argued. This, although in the nature of a criminal proceeding, is not in fact strictly of that character. It is instituted and carried on by the counsel for the plaintiff, and not, necessarily, by the attorney for the government. The object of the proceeding is, to enforce obedience to the process of the court, by punishing an intentional disregard of it. The mode is summary and rigorous, and the party who thus invokes the aid and power of the court, should bring himself strictly within the rule which entitles him to the redress sought, and subjects the defendant to the punishment which must follow. He must show the allowance of the injunction, that it has been issued on the terms specified and within the limitations imposed. That it has been duly served, and that notice has been given to the defendant, of the time and place of the motion, "that he stand committed for a breach of the injunction." On this motion the court will not investigate the title of the complainants. That was considered on the allowance of the injunction, and will be again investigated on a motion to dissolve, or on the final hearing. But the court will look into the case to ascertain how far the defendants are restrained, and whether the writ of injunction extends beyond the allowance. And there are other points made in the argument which it may be proper to examine, when the defendants shall be properly brought before the court. But until the notice shall be served of the usual motion, for a breach of the injunction, no other question except that of notice is before the court.

Under the circumstances of this case, the court feel bound to consider the preliminary objection of want of notice, as wholly disconnected with the facts and arguments adduced on what may be termed the merits of the motion. In requiring the defendants' counsel to argue the preliminary objections, in connection with the other branch of the case, the court subjected them to no waiver of any legal objection. The appearance of the counsel, therefore, is not a waiver of notice, and such appearance is only considered for the purpose of objecting to the want of notice.

The motion for an attachment is overruled.