BOSTON & MONTANA CONSOLIDATED COPPER & SILVER MINING CO., PLAINTIFF, *v.* MONTANA ORE PURCHASING CO., DEFENDANT.

[NO. 1,395.]

[Submitted April 14, 1900.  Decided April 18, 1900.]

*Injunction—Proceeding in Contempt—Insignificant Violation — Violation by Mistake—Affidavits—Pleading.*

| | |
|---|---|
| 24 | 117 |
| 24 | 363 |
| 24 | 117 |
| f33 | 118 |
| 24 | 117 |
| f37 | 597 |

1.  An insignificant technical violation of an injunction will not be punished as a contempt, where the violation was not with any intention to disobey the injunction.
2.  Where defendants' foreman is instructed to run a drift in a westerly direction, and, through misunderstanding his orders, by mistake, runs it in an easterly direction, on plaintiff's mining claim, and extracts ore therefrom, in violation of an injunction restraining defendants from mining and extracting ore from plaintiff's mines, defendants are in contempt of court.
3.  One who would charge a contempt should aver directly, and not argumentatively, that the particular acts constituting contempt were done by the defendant, hence, proceedings in contempt for violating an injunction will be dismissed, where plaintiff's affidavits charge argumentatively that defendant is guilty by stating that the acts complained of were not committed by plaintiff, nor by another named in the affidavits; leaving defendant's guilt to be established by inference.

ACTION by the Boston & Montana Consolidated Copper & Silver Mining Company against the Montana Ore Purchasing Company.  Application for punishment for violating injunction.  Dismissed.

*Mr. Wm. H. De Witt* and *Mr. T. J. Walsh,* for Plaintiff.

*Messrs. McHatton & Cotter* and *Mr. Rob't B. Smith,* for Defendant.

PER CURIAM.—On motion of the plaintiff, based upon certain affidavits filed therewith, this Court required the de-

fendant to show cause why it should not again be punished (see *State* v. *Montana Ore Purchasing Co.*, 22 Mont. 352, 56 Pac. 1134), as for a contempt, because of its supposed violation of certain injunction orders issued on the 2d day of March, 1899. The defendant appeared on the 11th day of April, 1900, and moved the quashal of the order and the dismissal of the proceedings upon the ground that the affidavits were insufficient, and failed to state facts constituting a contempt by it. This motion the Court took under advisement, and ordered the hearing to be proceeded with, the defendant objecting to the introduction of any evidence therein. Testimony was then introduced in support of the proceeding, and by the defendant in its behalf.

The evidence adduced for the purpose of establishing a disobedience of the orders of this Court fails clearly to satisfy us of a violation of them by the defendant, except in two respects, to-wit, the encroachment by the defendant upon the Pennsylvania ground in the No. 26 and No. 29 drifts. In the 26 drift only enough ground was moved to place a set of stoping timbers, and this was done without any design to disobey the injunction. The encroachment was insignificant. We do not regard this merely technical violation as sufficient cause for punishment. In the No. 29 drift, 26 feet were run; why this happened to be done by the defendant was explained by one of its engineers, who testified that he directed the foreman to run the drift "westerly," but by mistake the foreman understood him to say "easterly." The error was not discovered until the drift had been run the 26 feet, and timbered, when it was immediately stopped by the defendant, and the drift run westerly. The ore taken from that part of the Pennsylvania mine was of small commercial value, being worth little, if any, more than the cost of the labor of extracting and smelting it. This trespass was committed in May, 1899; it constituted a violation of the order of this Court. Plaintiff knew of such violation, but refrained from making complaint thereof until the present proceeding was instituted, on the 26th day of March, 1900. Nearly ten months' delay in bring-

ing it to our attention justifies the belief, under all the circumstances disclosed, that the plaintiff itself did not feel that the violation was a willful or serious transgression of the injunction order. After considering the evidence with respect to this drift, we think it establishes a careless mistake or blunder on the part of the engineer or foreman of the defendant company, for which it is now answerable if the affidavits, or any one of them, contain a sufficient allegation of a contempt by the defendant in this particular; and, if the charge be sufficient, we should regard such disobedience as calling for the imposition of a nominal fine; but we are of the opinion that there is no allegation in the affidavits, or in any of them, which, if true, fastens upon the defendant, as a matter of law, the doing of the act. The affidavits upon which the motion for an order to show cause is founded are by no means as direct in their averments as they should be. One who would charge a contempt should aver directly that the particular acts constituting contempt were done by the defendant. In this proceeding, for example, if certäin ore in sacks was taken by the defendant in violation of the order of the court, the affidavits should so state, instead of charging argumentatively that the defendant took the ore by stating that it was not taken by the plaintiff or the plaintiff's agents, and was not taken by another corporation which had access to the place where the ore was stored. Argumentative affidavits, in which the affiant endeavors to reason out a charge of contempt by exclusion, will not serve as foundation for an inquiry which involves the liberty of persons. The following averments contained in the affidavit of Davis, an engineer in the employ of the plaintiff company, are fair examples of those found in the other affidavits: "That after the order of this court was made, punishing the defendant for contempt, and during the month of May, 1899, all of drift 29 that is east of a crosscut from the Rarus lode claim was driven in Pennsylvania ground covered by said injunction, and ore was extracted and removed from said drift and from said Pennsylvania lode claim, and hoisted through the shafts of the de-

fendant, and that said drift 29 is not any portion of any work that was allowed by this court to be done under a modification of said injuntion; that said work last described, and said extraction of ore, was not done by the plaintiff herein or the Butte & Boston Consolidated Mining Company." This falls far short of a statement that the encroachment or the extraction of the ore was the act of the defendant. The averment, although true, does not implicate the defendant in, or connect it with the doing of, any prohibited act. There should be some direct charge made, either positively or upon information and belief, that the defendant committed an act constituting a contempt. Other affidavits, containing statements of the evidence in support of such charge, would be proper for the consideration of the court upon the application for an order on the defendant to show cause why it should not be punished as for a contempt. It seems obvious that, where the facts stated in the affidavits are consistent with the innocence of the defendant, there is no charge against it which is able to withstand an attack made in due season. It is not enough that the affidavits contain evidentiary matters from which may be inferred the guilt of the defendant. The order to show cause and the proceeding must be dismissed.

We deem it not improper, however, to remark that, while upon slight evidence we shall not reach out to infer willfulness or intended disregard of our orders by those whose especial duty it is to obey and respect them, yet the disposition of the Court is to punish severely, where the proof is clear of any willful violation or disregard of its injunction orders, and persons or corporations enjoined need expect no lenity when the disobedience of its mandates is willfully committed, and proof is forthcoming, under a sufficient charge, that it has been so done.

For the reason that there is no sufficient affidavit upon which the order to show cause or the proceeding may rest, the order is vacated, the defendant is discharged, and the proceeding is dismissed.

*Dismissed.*