STATE, EX REL. GEMMELL, RELATOR *v.* CLANCY, JUDGE, RESPONDENT.

[Nos. 1540 and 1541.]

[Submitted June 20, 1900. Decided July 30, 1900.]

*Injunction — Disobedience — Constructive Contempt — Affidavit of Facts — Refusal to Allow Defence — Certiorari.*

1. Code Civ. Proc. Sect. 2172, provides that, where a contempt is not committed in the court's presence, an affidavit of the facts shall be presented. Section 2173 authorizes the issuance of an order to show cause on such affidavit, and Sections 2178 and 2179 provide that, when the person on whom the order to show cause was served appears, the court must investigate the charge and determine whether the person charged is guilty. *Held*, that it was improper to refuse to allow relator to move to dissolve a

temporary injunction, or to be heard in opposition to the motion to continue it, on the ground that he was in contempt for violating the injunction by posting notices on the property on which he was forbidden to go, when no contempt proceedings had been instituted against him and no opportunity was given him to defend himself in the matter.

2.  In all contempt proceedings—save for such as are committed in the court's immediate presence—an affidavit is essential.

3.  In cases where the alleged contempt consists in the violation by a party of an order made in a civil suit still pending, such party is entitled to a separate and distinct notice of the contempt proceeding, in order that he may be afforded an opportunity to prepare his defense,—since every one has the inalienable right of being heard in his own defense.

4.  A non-appealable order, in the making of which the court exceeded its jurisdiction, may be reviewed on *certiorari.*

CERTIORARI by George Gemmell to review the action of William Clancy, Judge of the Second Judicial District Court, in holding relator guilty of contempt.   Orders reversed.

*Mr. George M. Bourquin, Mr. Frank E. Corbett, and Messrs. Clayberg & Gunn,* for Relator.

*Messrs. Forbes & Evans, Mr. William H. De Witt, and Mr. T. Bailey Lee,* for Respondent.

**MR. JUSTICE WORD** delivered the opinion of the court.

Proceedings on *certiorari* to review the orders of the District Court of Silver Bow County made on the 3d and the 30th days of March, 1900.   The facts are these:   In a certain action pending in said District Court, entitled "Lyman M. Harley and Butte & Boston Consolidated Mining Company, Plaintiffs *v.* Montana Ore Purchasing Company, George Gemmell, et al., Defendants," respondent, as judge of said court, issued a temporary injunction against said defendants, which was duly served on the relator herein on the 6th day of January, 1900, enjoining and restraining him from entering upon the Washington placer mining claim, particularly described in the complaint, of which plaintiffs alleged they were the owners and in possession.   On January 26, 1900, relator filed his separate answer in said action, denying, among other things, the ownership and possession by plaintiffs of said Washington placer mining claim, and setting up matters in the way of defense

immaterial on this hearing. Relator subsequently filed an amended answer and a supplemental answer, and also made and served his motion to dissolve the temporary restraining order theretofore issued in said cause. This motion came on for hearing on the 3d day of March, 1900. Testimony was introduced in support of said motion. It appeared from the evidence of relator given on said hearing that on the 6th day of January, 1900, and shortly after he had been served with said temporary restraining order, relator had posted upon the premises embraced in said order three separate location notices, copies of which were offered in evidence. Thereupon counsel for plaintiffs objected to relator being heard upon his motion to dissolve, on the ground that relator was in contempt of court. Relator further testified that he had posted said location notices by advice of counsel. The court, the respondent herein, sustained said objection, and refused to hear relator on his said motion to dissolve, on the ground that relator was in contempt of court in entering upon said premises and posting said location notices thereon after said restraining order had been served upon him. Afterwards, to wit, on March 30, 1900, plaintiffs' order to show cause why an injunction *pendente lite* should not be granted came on to be heard. Witnesses were called and evidence was given in behalf of plaintiffs. At the close of plaintiffs' evidence, relator offered to introduce evidence in his own behalf. At once, and before the introduction of any evidence by relator, plaintiffs objected to any testimony whatsoever being offered on the part of the relator, for the reason that it had already been adjudged, on March 3, 1900, that relator was in contempt of court. The court sustained said objection, would not permit relator to introduce evidence, and refused to hear him in opposition to plaintiffs' application for an injunction *pendente lite*. Thereafter on the 30th day of April, 1900, the court made an order granting plaintiffs' prayer for an injunction during the pendency of the action. On the application of relator, writs of *certiorari* issued out of this Court to review the orders of the court above designated. Only one return has been made; but,

as this return embraces all the matters pertaining to both orders, they will be considered together.

First, as to the order of March 3, 1900. The defendant Gemmell, relator herein, as was his right, had filed and served his motion to vacate the temporary restraining order issued on the day the action was begun. In due course this motion to dissolve came on for hearing. While the relator was on the stand, counsel for plaintiffs objected to said relator being heard, on the ground that it appeared from his own testimony that said relator was in contempt. The court adopted the views of plaintiffs' counsel, and refused to hear relator. When relator's motion came on for hearing, and he took the stand in his own behalf, no judgment or other proceedings for contempt had been taken against him. No affidavit containing the facts constituting the contempt had been presented. No notice had been given him; nor had he been served with an order to show cause why he should not be punished for contempt. On the contrary, it does appear that, on the hearing of said motion on the 3d day of March, relator was held guilty of contempt without notice, without an opportunity to be heard, without an opportunity to defend, and in the absence of an affidavit of the facts constituting the contempt necessary to set the power of the court in motion. It appears from the evidence of relator that any contempt which relator may have committed was ''constructive,''— that is, one not committed in the immediate view and presence of the court,—and therefore a contempt which did not permit a summary punishment. Section 2172 of the Code of Civil Procedure provides that, when a contempt not in the presence of the court is committed, an affidavit shall be presented of the facts constituting the contempt. Upon the affidavit an order to show cause may be made. (Code of Civil Procedure, Section 2173). When the person upon whom the order to show cause is served appears, the ''court or judge must proceed to investigate the charge'' (Code of Civil Procedure, Section 2178), and must determine whether the person proceeded against ''is guilty of the contempt charged'' (Code of Civil Procedure, Section 2179). These

provisions of the Code plainly disregarded, should have been followed; for, as was said in *Batchelder* v. *Moore*, 42 Cal. 412, ''the power of a court to punish for an alleged contempt of its authority, though undoubted, is in its nature arbitrary, and its exercise is not to be upheld, except under the circumstances and in the manner prescribed by law. It is essential to the validity of proceedings in contempt, subjecting a party to fine and imprisonment, that they show a case in point of jurisdiction within the provisions of the law by which such proceedings are authorized, for mere presumptions and intendments are not to be indulged in their support. The statute of this state regulating contempts and their punishments provides that, when the alleged contempt is not committed in the presence of the court, an affidavit of the facts constituting the contempt shall be presented. (Prac. Act, Section 481). If there be no affidavit presented, there is nothing to set the power of the court in motion, and if the affidavit as presented be one which, upon its face, fails to state the substantive facts which in point of law do or might constitute a contempt on the part of the accused, the same result must follow—for there is no distinction in such a case between the utter absence of an affidavit and the presentation of one which is defective in substance, in stating the facts constituting the alleged contempt.'' (*Galland* v. *Galland*, 44 Cal. 475, 478; *Johnson* v. *Superior Court*, 63 Cal. 578, 579; *Ex parte Ah Men*, 77 Cal. 198, 200, 19 Pac. 380; *Boston & M. Consol. Copper & Silver Min. Co.* v. *Montana Ore Purchasing Co.*, 24 Mont. 117, 60 Pac. 807.

The practice of beginning contempt proceedings by affidavit, as provided by Section 2172 of the Code of Civil Procedure, is almost universal; and an examination of the authorities will generally disclose that in all contempt proceedings, save for such as are committed in the court's immediate presence, an affidavit is essential. (4 Am. & Eng. Enc. Pl. & Prac. 779; Rapalje on Contempt, p. 122.) Nothing said by this Court in the case of *Forrester and MacGinniss* v. *B. & M. C. C. & S. Mining Co.*, 23 Mont. 122, 58 Pac. 40,

whether by way of argument or otherwise, was intended, or is to be understood, as a holding that in a proceeding for a contempt the affidavit required by statute need not be presented.

' The relator was entitled to notice of the alleged contempt in order that he might he afforded an opportunity to prepare his defense; and, even in cases where the alleged contempt consists in the violation by a party of an order made in a civil suit still pending, it is held—and, in our opinion, correctly held—that such party is entitled to a separate and distinct notice of the proceeding. ( *Worcester* v. *Truman*, 1 McLean, 483, Fed. Cas. No. 18,043; *State* v. *Matthews*, 37 N. H. 450; *Ex parte Kilgore*, 3 Tex. App. 247; *Ex parte Langdon*, 25 Vt. 680; *Ex parte Ireland*, 38 Tex. 344; *Windsor* v. *McVeigh*, 93 U. S. 274, 23 L. Ed. 914; Code of Civil Procedure, Sec. 2173.)

Proceedings in constructive contempt are criminal in their nature. (*Ex parte Gould*, 99 Cal. 360, 33 Pac. 1112, 21 L. R. A. 751.) Relator should have been accorded the inalienable privilege of being heard in his defense; for no proposition can be more clearly established than that a man cannot incur the loss of liberty or property for an offense by a judicial proceeding until he has had a full opportunity of meeting the charge against him. In *Galpin* v. *Page*, 18 Wall. 350, 21 L. Ed. 959, the court said: "It is a rule as old as the law, and never more to be respected than now, that no one shall be personally bound until he has had his day in court, by which is meant, until he has been duly cited to appear *and has been afforded an opportunity to be heard.* Judgment without such citation and opportunity wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is justly administered." "Wherever one is assailed in his person or his property, there he may defend; for the liability and the right are inseparable. This is a principle of natural justice, recognized as such by the common intelligence of all nations. A sentence of a court pronounced against a party without

hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal.'' ( *Windsor* v. *McVeigh,* 93 U. S. 274, 23 L. Ed. 914.) In *Hovey* v. *Elliott,* 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215, the court say: ''The fundamental conception of a court of justice is condemnation only after hearing. To say that courts have inherent power to deny all right to defend an action, and to render decrees without any hearing whatever, is, in the very nature of things, to convert the court exercising such an authority into an instrument of wrong and oppression, and hence to strip it of that attribute of justice upon which the exercise of judicial power necessarily depends.''

In disregard of the statute, without notice, without a hearing, without an opportunity to defend, the respondent on March 3d held relator guilty of contempt, and, by way of punishment, refused to hear him on his motion to dissolve the temporary restraining order theretofore issued in said cause.

We will next consider the order of March 30th. The action of the court in failing to grant or deny relator's motion to set aside the temporary restraining order left that order in force. Between March 3d and March 30th no proceedings for contempt had been taken against the relator. As recited above, plaintiffs, on the hearing of their order to show cause on March 30th, offered their proofs and rested. When relator sought to introduce evidence in his own behalf, he was met with the objection that he had theretofore been adjudged guilty of contempt, and therefore was not entitled to be heard. The court sustained this objection. Relator was denied his right to defend,—his right to introduce evidence,—and was refused a hearing. Counsel for respondent contend that both on the hearing of March 3d and of March 30th relator was in contempt; and that the punishment of the court was in denying relator what he asked as a favor and not as a matter of right. Holding, as we do, that the court was without jurisdiction to inflict any punishment whatever upon relator for his alleged contempt, since he had been denied the rights and

privileges granted him by statute and in justice due him, we are not called upon to decide whether the privileges refused him were of favor or of right.

Counsel for respondent contend that the remedy of relator is, not by *certiorari*, but by appeal. This cannot be true of the order of March 3d, since this order is not appealable, and in making it the court exceeded its jurisdiction; nor, for the same reasons, can this contention be maintained as to the order of March 30th, in so far as that order holds relator guilty of contempt. It appears, however, from the record, that on April 30, 1900, the day the writs of *certiorari* issued out of this court, the court below, in an order which recites the proceedings had on March 30th, granted plaintiffs an injunction pending the final determination of the action. This order of the court in this regard is evidently based upon the testimony introduced by plaintiffs on the hearing had on the 30th of March and relates thereto. The order granting the injunction is by statute appealable, and on an appeal therefrom to this Court the action of the court below in granting the injunction may be reviewed.

The position we have taken makes unnecessary a consideration of the other questions presented.

The orders of March 3d and of March 30th, in so far as they hold relator guilty of contempt and punish him therefor, are hereby annulled and set aside.