HARLEY ET AL., RESPONDENTS, *v.* MONTANA ORE PURCHASING CO. ET AL., APPELLANTS.

(No. 1,574.)

(Submitted January 21, 1903. Decided January 26, 1903.)

*Injunction—Trespass on Mining Claim—Contempt—Violation of Restraining Order—Denial of Hearing—Invasion of Constitutional Right.*

1.  The fact that a mining prospector, with his assistants, has entered upon another's property, held under application for a patent as a placer mining claim, and is sinking three shafts, the debris being deposited about their openings, and has carried away an assay sample, will not warrant an injunction to restrain the trespass; it not appearing that the prospector is insolvent, and his operations not tending to destroy or materially injure the substance of the estate.

2.  The entry on another's placer mining claim for the mere purpose of posting notices of a discovery of quartz lodes, with the intention of locating them, is not a violation of a restraining order issued to prevent the continuation of a trespass consisting of the sinking of shafts, etc.

3.  Code of Civil Procedure, Section 2179, provides that one adjudged guilty of a contempt not committed in the presence of the court may be fined not exceeding $500, or imprisoned not exceeding five days, or both. *Held,* that it was error, on the hearing of an order to show cause why an injunction should not issue, to reject defendant's evidence and issue the injunction because defendant was in contempt for violating a restraining order.

4.  The action of the court, on the hearing of an order to show cause why an injunction should not issue, in rejecting defendant's evidence and issuing an injunction because defendant was guilty of contempt in violating a restraining order, is a denial of due process of law.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

SUIT by Lyman M. Harley and another against the Montana Ore Purchasing Company and others. From an order granting a temporary injunction, defendants appeal. Reversed.

*Mr. George M. Bourquin,* and *Messrs. Clayberg & Gunn,* for Appellants.

*Messrs. Forbis & Evans,* and *Mr. T. Bailey Lee,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to obtain a judgment for damages alleged to have been committed by the defendants upon the "Washington Placer," situate in Silver Bow county. It is alleged, in substance, that the plaintiffs are, and were at the times mentioned in the complaint, the owners in possession and entitled to the possession of the said premises, and that the defendants, with a large number of men, wrongfully and unlawfully entered thereon during the month of December, 1899, and January, 1900, and made excavations and sunk shafts therein, and by these acts, and by scattering the debris from the said excavations so made upon the surface of the land, damaged the plaintiffs in the sum of $500.

In a second cause of action, relief is sought by way of injunction *pendente lite,* upon a reiteration of the foregoing allegations, with the additional averment that the defendants were at the time the action was commenced continuing the acts of trespass complained of, thus destroying the substance of plaintiffs' estate.

Upon the filing of the complaint, supported by an affidavit

of one Meyer Genzberger, the court issued an order requiring the defendants to appear and show cause why an injunction should not issue to restrain the acts complained of until final hearing. The defendants were by the order in the meantime restrained from pursuing their operations until the hearing under the order to show cause. The action was commenced on January 5, 1900. The hearing under the order was fixed for January 13, 1900. Various proceedings were had in the cause after the last-mentioned date until March 30, 1900, when the order to show cause finally came on for hearing. Detailed notice of these proceedings is not now pertinent. A full statement of them may be found by reference to *State ex rel. Gemmell,* v. *Clancy,* 24 Mont. 359, 61 Pac. 987. In the meantime the defendant George Gemmell appeared and filed his answer, controverting the allegations of the complaint, except as to the doing of the acts complained of, and set up matters by way of affirmative defense attacking the validity of plaintiffs' title. At the hearing the plaintiffs introduced evidence tending to show that the ground in controversy had been located by their predecessors in interest as a gold placer, that the same had been entered by them for patent under the mineral laws of the United States, and that they held a receiver's receipt showing them to be entitled to a patent therefor. Other evidence introduced tended to show that the ground was not actually occupied until the defendant Gemmell entered thereon some time in December, 1899, with his employes, his codefendants, to explore the ground in order to discover quartz lodes believed by him to exist therein, and that at the commencement of the action he and his codefendants were engaged in sinking three different shafts through the surface deposits of clay and gravel in order to accomplish their purpose; depositing the debris therefrom upon the surface immediately about these shafts. It appeared affirmatively from this evidence that no ore of value had been found, and that nothing except an assay sample had been taken from the premises.

When the plaintiffs rested, the defendant Gemmell offered evidence; but upon objection by plaintiffs his evidence was ex-

cluded, and he was denied a hearing on the ground that he had theretofore been adjudged guilty of a contempt, in that he had, after the service of the restraining order issued at the commencement of the action, gone upon the premises in violation thereof, and posted notices of a discovery of quartz lodes therein, with the intention of locating them. Thereupon the court ordered the injunction to issue, restraining the defendants from making further excavations upon the premises, and also from again entering thereon for any purpose until final hearing.

This action of the court was erroneous, for two reasons:

1. There is nothing in the evidence adduced by the plaintiffs to warrant the issuance of an injunction. At best, it does not disclose anything further than an unlawful entry upon plaintiffs' premises, for which adequate redress could be had under the action for damages. It does not appear that the defendant Gemmell is insolvent, or that his operations, as conducted by him upon the premises, tend in any way to destroy or materially injure the substance of the estate. There is nothing in the facts presented to distinguish this case from that of *King* v. *Mullins* (decided at the present term), *ante* page 364, 71 Pac. 155, and we think that case conclusive of this.

2. The defendant was entitled to a hearing, no matter whether he had theretofore violated the restraining order or not. We do not think that the mere posting of notices upon the ground was a violation of the order. Until the defendant was adjudged to have no right upon the premises, his presence there was not a contempt; nor was anything he did there a violation of the order, so long as he refrained from prosecuting his work of excavation, which was the matter with reference to which the order was made. But conceding that this act constituted a contempt, there is no authority in law for the punishment inflicted, nor for the mode by which it was done. It was clearly pointed out in *State ex rel. Gemmell* v. *Clancy, supra,* in which the contempt proceeding was reviewed by this court, that our statute directs what procedure must be pursued in cases of constructive contempt, such as this was, if a contempt at all; and the conclusion was announced that this procedure must be observed, or

the judgment rendered is void. So there is no authority of law for inflicting the punishment which the court inflicted in this case. The statute (Code of Civil Procedure, Sec. 2179) provides what penalties may be inflicted, and this, we think, is exclusive. In a given case the penalty may carry with it, as an incident, the postponement of a hearing while the party is undergoing his punishment for his contumacious conduct; but a refusal to hear finally, as was the case here, even though there be no fault in the procedure up to the time of judgment, is subversive of one of our dearest and most sacred constitutional rights. "The fundamental conception of a court of justice is condemnation only after hearing. To say that courts have inherent power to deny all right to defend an action, and to render decrees without any hearing whatever, is, in the very nature of things, to convert the court exercising such an authority into an instrument of wrong and oppression, and hence to strip it of that attribute of justice upon which the exercise of judicial power necessarily depends." (*Hovey* v. *Elliott,* 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215.) This language was quoted with approval by this court in *State ex rel. Gemmell* v. *Clancy, supra,* and, we think, is peculiarly applicable to the facts in the case now under consideration.

The order complained of is reversed, and the cause remanded.

*Reversed and remanded:*