THE HON. GEORGE R. MILBURN,  
THE HON. WILLIAM L. HOLLOWAY, } Associate Justices.

---

STATE EX REL. FLYNN, RELATOR, *v.* DISTRICT COURT OF FIFTH JUDICIAL DISTRICT ET AL., RESPONDENTS.

### (No. 2,237.)

(Submitted October 10, 1905. Decided October 16, 1905.)

*Certiorari— Contempt — Jurisdiction— Written Charges — Necessity—Water Commissioners—Powers.*

Water Commissioners—Ministerial Officers—Contempt.
1.  The Act of 1905, relative to the appointment of commissioners to measure and divide water among persons declared by decree of court to be entitled thereto, and empowering such commissioners to arrest any person interfering with the distribution made by them (Session Laws, 1905, p. 144), does not constitute them judicial officers, in the sense that violations of their orders are contempts committed in the immediate view and presence of the court.

*Certiorari*—Contempt—Written Charges—District Court—Jurisdiction.
2.  *Certiorari* lies to annul an order of the district court punishing relator for contempt, alleged to have been committed in interfering with the distribution of water by a commissioner appointed in pursuance of the Act of 1905 (Session Laws, 1905, p. 144), where written charges were not filed by such commissioner, setting forth in direct language the facts constituting the contempt.

(115)

CERTIORARI. Original application by the state, on the relation of Thomas Flynn, against the district court of the fifth judicial district in and for Beaverhead County, and Hon. Lew. L. Callaway, judge thereof, for a writ of review to annul an order adjudging relator guilty of contempt. Annulled.

*Mr. C. B. Nolan,* for Relator.

*Mr. Albert J. Galen,* Attorney-General, *Mr. Edwin Norris,* and *Mr. H. R. Melton,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of review to annul an order of the district judge of the fifth district adjudging the relator guilty of contempt.

On October 1, 1888, the district court of Beaverhead county, in a cause entitled "*Selway et al.* v. *Thomas Flynn et al.,*" rendered and entered a decree adjudicating the rights of the respective parties plaintiff and defendant to the use of the waters of Black Tail Deer creek in that county, and perpetually enjoining them from interfering with each other in the exercise of these rights. The date of the relator's earliest appropriation, as found and fixed in the decree, is April, 1881, and the amount five hundred and fifty inches. To satisfy the rights prior in date to those of the relator, there are required about two thousand seven hundred inches. On July 12th of this year, and during the days immediately succeeding, the volume of water flowing in the creek was much less than this amount. The commissioner had made distribution of the waters under the decree, and there were not enough to supply all prior rights, so that it was necessary to close relator's headgate and exclude the water from his ditch entirely. This was done. Immediately thereafter, notwithstanding the action of the commissioner, the relator so arranged his headgate that about three inches of water were diverted from the stream and allowed to flow down to the relator's house,

where it was consumed, under the claim that the relator had a right under the decree to divert any amount required to supply his domestic uses. Thereupon the commissioner arrested him and took him before the district judge, who after a hearing, adjudged him guilty and sentenced him to pay a fine. There was no affidavit presented to the judge setting forth the facts constituting the contempt.

The proceeding was had under the provisions of section 1 of the Act of 1905 (Session Laws, 1905, c. 64, p. 144), which makes it the duty of district judges under certain circumstances, to appoint commissioners to measure and divide waters among the persons declared by decree of court to be entitled to the use of them. This section provides among other things, that "such commissioner or commissioners shall have authority to enter upon any ditch, canal, aqueduct or other source for conveying the waters affected by such decree, and to visit, inspect and adjust all headgates, or other means of distribution of such waters, and shall have the same power as a sheriff or constable to arrest any or all persons interfering with the distribution made by him, and to take such person so arrested before the judge of the district court for trial for contempt of the decree of said court."

The contention of relator is that the order complained of is void and in excess of jurisdiction, for that the arrest was made and the conviction had without an affidavit being first presented to the district judge setting forth the facts constituting the contempt. The attorney-general, appearing for the respondents, contends that under the Act cited the commissioner occupies the same relation to the court as does a referee or arbitrator, and that a violation of his order or an obstruction of him in the performance of his duties by a party to the decree is a contempt in the immediate view and presence of the court, and not a constructive contempt. It is a sufficient answer to the latter contention to observe that the Act grants to the commissioner the same power as that possessed by a sheriff or constable to make arrests. It does not constitute him a judicial officer, but merely a ministerial or executive agent to

enforce the provisions of the decree and to make arrests in the performance of his duties, just as a sheriff or constable may make them, and not otherwise.

. The mode by which contempts are to be punished as such is prescribed in section 2172 et seq. of the Code of Civil Procedure. It is only where a contempt is committed in the presence of the court or judge that the formality of a written charge may be dispensed with. The Act of 1905, *supra,* does not purport in any way to amend or modify these provisions. Such being the case, these provisions are the only guide, and they must be observed. The contempt not being committed in the presence of the court or judge, neither the court nor judge had authority to proceed, except upon a written charge on oath setting forth in direct language the facts constituting the contempt. (*Boston & Mont. Con. C. & S. Min. Co.* v. *Montana Ore Pur. Co.,* 24 Mont. 117, 60 Pac. 807.) When the relator in this case was brought before the judge by the commissioner, the latter made an oral statement to the judge, who thereupon proceeded to hear the evidence and make the order complained of.

At the hearing counsel for relator devoted some time to a discussion of the question whether or not the Act of 1905' authorizes the commissioner to make arrests without warrant, and insisted that, if such interpretation be given to the statute, it must be declared unconstitutional. The statute does not in terms authorize an arrest without warrant; nor is it necessary now to consider the question whether it does so by implication. The only question now before us is whether the judge had jurisdiction to proceed with a hearing without a written charge. We think he did not. The order is therefore annulled.

*Annulled.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.