# LANE v. CAMERON.

---

PUBLIC LANDS; MINING CLAIMS; OFFICERS; EQUITY; INJUNCTION.

1. A valid mining claim under the public land laws is property which may be bought and sold and which passes by descent.

2. Even after judgment of the court in a proceeding by an adverse claimant to a mining claim, under sec. 2326, Rev. Stat. Comp. Stat. 1913, sec. 4623, on the question of the right of possession, the Land Department may pass upon the sufficiency of the proofs to ascertain the character of the land and determine whether the conditions of the law have been complied with in good faith.

3. The province of the courts is to uphold, rather than stay, the hands of officials who, in good faith, are seeking to perform duties imposed by law.

4. The Secretary of the Interior and the Commissioner of the General Land Office will not be enjoined, in a suit in equity by the locator of an unpatented mining claim who states that he is satisfied and does not and may never desire a patent, from proceeding to determine the

character of the claim. (Construing secs. 2318 to 2348, Rev. Stat. Comp. Stat. 1913, secs. 4613–4660.)

No. 2971.  Submitted October 4, 1916.  Decided November 14, 1916.

HEARING on an appeal by the defendants, the Secretary of the Interior, and Commissioner of the General Land Office, from a decree of the Supreme Court of the District of Columbia, enjoining them from proceeding to determine the character of land covered by unpatented mining claims in which the complainant claimed an interest.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree of the supreme court of the District restraining the Secretary of the Interior, Franklin K. Lane, the Commissioner of the General Land Office, Clay Tallman, their successors in office, and all persons claiming to act under their authority, from proceeding to determine the character of land covered by six unpatented mining claims in the Grand Canyon, in the State of Arizona, in which appellee, Ralph H. Cameron, asserts an interest.

In his bill appellee sets forth the pendency in the Land Office of six certain proceedings in which the United States is plaintiff and he one of the defendants, involving the several lode and placer mining claims enumerated in his bill; that these locations are unpatented claims held by him and his associates under the mineral laws of the United States; that each year they have done at least $100 worth of work "which tended to develop the mineral contents of said claims;" that the jurisdiction of the Department has not been invoked in any way for the purpose of claiming the fee-simple title to the land embraced in the claims, or for any other purpose; that by reason of the location of such mining claims the locators obtained by operation of law vested a right and property in the claims and the lands embraced within their boundaries, giving to the holders

of such claims *"the right of possession"* to all such land; "that such title is a complete and independent legal title, separate from, unattached to, and independent of, any title held by the United States in or to said ground ＊ ＊ ＊ ; that the attempt of the defendants in this case to proceed with the said contests is an unlawful, unauthorized, and unrighteous effort to interfere with the vested, legal, complete, entire, and perfect right, title, interest, and property of this plaintiff and his co-owners, and tends to cloud and does cloud the title of plaintiff and his co-owners; and the actions of the defendants herein complained of constitute an attempt to deprive the plaintiff and his co-owners of their property without due process of law ＊ ＊ ＊ ; that the plaintiff and his co-owners are satisfied and content with the vested title, right, estate, and property which they have already acquired from the United States of America; that plaintiff and his co-owners do not wish, and may never desire, to acquire the said described title so remaining in the United States of America." It is further set forth that upon the institution of said proceedings in the local land office at Phœnix, Arizona, due notice having been given locators, pleas to the jurisdiction were filed and overruled.

Appellants interposed a motion to dismiss the bill; the several grounds of the motion being, first, want of equity; second, the legal title to the land in question still being in the United States, all questions as to the status of said land are cognizable in the Land Department, and as it appears from the bill that there now is pending before that Department a proceeding to ascertain the status of the land involved and the existence and validity of the claim of interest therein asserted by the plaintiff, the bill should be dismissed; third, that the exercise of judgment and discretion by the Department is not reviewable by any court, either of law or equity; and, fourth, that even if appellants have no jurisdiction and if said proceedings are void, as averred in the bill, the action of appellee is premature. Appellants electing to stand upon their motion to dismiss, the court entered the decree above mentioned and this appeal followed.

*Mr. Alexander T. Vogelsang, Mr. C. Edward Wright,* and *Mr. C. D. Mahaffie,* for the appellants, in their brief cited:

*Alice Placer Mine,* 4 Land Dec. 314; *Barden* v. *Northern P. R. Co.* 154 U. S. 288; *Belk* v. *Meagher,* 104 U. S. 279; *Bockfinger* v. *Foster,* 190 U. S. 116; *Brown* v. *Hitchcock,* 173 U. S. 473; *Burfenning* v. *Railway,* 163 U. S. 321; *Burke* v. *Southern P. R. Co.* 234 U. S. 669; *Cameron* v. *Weedin,* 226 Fed. 44; *Clark* v. *Herington,* 186 U. S. 206; *Clipper Min. Co.* v. *Eli Min. & Coal Co.* 194 U. S. 220; *Collins* v. *Babb,* 73 Fed. 735; *Cosmos Exp. Co.* v. *Grey Eagle Oil Co.* 190 U. S. 301; *Creede & C. C. Min. Co.* v. *Uinta Min. Co.* 196 U. S. 337; *Deffeback* v. *Hawke,* 115 U. S. 392; *Re Emblem,* 161 U. S. 52; *Fisher* v. *United States ex rel. G. R. T. Co.* 37 App. D. C. 436; *Hardin* v. *Jordan,* 140 U. S. 371; *Hawley* v. *Diller,* 178 U. S. 476; *Heath* v. *Wallace,* 138 U. S. 573; *Johnson* v. *Towsley,* 13 Wall. 72; *Kirwan* v. *Murphy,* 189 U. S. 35; *Lane* v. *United States ex rel. Mickadiet,* 241 U. S. 201; *Last Chance Min. Co.* v. *Tyler,* 157 U. S. 683; *Le Fevre* v. *Amonson,* 81 Pac. 71; *Litchfield* v. *Reg. & Rec.* 9 Wall. 575; *Marquez* v. *Frisbie,* 101 U. S. 473; *Nevada Exp. & Min. Co.* v. *Spriggs,* 124 Pac. 770; *Ex parte Nichols-Smith,* unreported; *Noble* v. *Union River Logging Co.* 147 U. S. 165; *Nome & S. Co.* v. *Nome,* 34 Land Dec. 275; *O'Brien* v. *Lane,* 40 App. D. C. 493; *Perego* v. *Dodge,* 163 U. S. 160; *Plested* v. *Abby,* 228 U. S. 42; *Quinby* v. *Conlon,* 104 U. S. 420; *Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316; *Shepley* v. *Cowan,* 91 U. S. 330; *Smelting Co.* v. *Kemp,* 104 U. S. 636; *United States* v. *Midwest Oil Co.* 236 U. S. 459; *United States ex rel. McBride* v. *Schurz,* 102 U. S. 378; *Warnekros* v. *Cowan,* 108 Pac. 238; *Wright* v. *Hartville,* 81 Pac. 649; *Re Yard,* 38 Land Dec. 59.

*Mr. Francis M. Phelps,* for the appellee, in his brief cited:

*Noble* v. *Union River Logging Co.* 147 U. S. 165; *Belk* v. *Meagher,* 104 U. S. 279; *St. Louis M. & M. Co.* v. *Montana*

*Limited,* 171 U. S. 650–655; *Clipper M. Co.* v. *Eli M. Co.* 194 U. S. 220; *Hardin* v. *Jordan,* 140 U. S. 371; *Nome & S. Co.* v. *Nome Townsite,* 34 Land Dec. 275; *Re Yard,* 38 Land Dec. 59.

Mr. Justice ROBB delivered the opinion of the Court:

The method of initiating a miner's right differs very materially from the requirements of a homestead entry. A mining claimant merely stakes out his location, files his claim in the office of the clerk of the county wherein the land is situated, and proves each year that he has done a certain amount of work on the claim. By the filing of his claim he acquires what is known as a mining location, and is not required to file any paper in the Land Office unless and until he applies for a patent. See sections 2318 to 2348, Rev. Stat. Comp. Stat. 1913, secs. 4613–4660. But section 2320 declares that "no location of a mining claim shall be made *until the discovery of the vein or lode* within the limits of the claim located." Under section 2322, locators, "so long as they comply with the laws of the United States, and with State, territorial, and local regulations not in conflict with the laws of the United States governing their possessory title, shall have the exclusive right of possession and enjoyment of all the surface included within the limits of their locations," etc. A valid claim, therefore, is property, which may be bought and sold and which passes by descent. *Belk* v. *Meagher,* 104 U. S. 279, 26 L. ed. 735, 1 Mor. Min. Rep. 510.

Section 2326 provides that where an adverse claim is filed during the period of publication, it shall be the duty of such claimant, within a specified time, "to commence proceedings in a court of competent jurisdiction, *to determine the question of the right of possession,* and prosecute the same with reasonable diligence to final judgment." It is the contention of the Department that in such a proceeding the jurisdiction of the court is confined to a determination of the single question of the relative rights of the parties, and that the court is not authorized to determine the character of the land. This view

was adopted by the supreme court of Wyoming in *Wright* v.
*Hartville,* 13 Wyo. 497, 81 Pac. 649, 82 Pac. 450. Mr. Jus-
tice Van Orsdel of this court writing the opinion. The court
said: "The rule is universal that when the question of the
character of the land is in issue it is one for the Land Depart-
ment, and not for the courts." The same view was adopted
by the supreme court of Idaho in *Le Fevre* v. *Amonson,* 11
Idaho, 45, 81 Pac. 71.

That this also is the view of the Supreme Court of the
United States will be apparent from a brief examination of its
opinions. Thus, in *Barden* v. *Northern P. R. Co.* 154 U. S.
288, 38 L. ed. 992, 14 Sup. Ct. Rep. 1030, the court observed
that it is the established doctrine, expressed in a number of its
decisions, "that wherever Congress has provided for the dispo-
sition of any portion of the public lands, of a particular char-
acter, and authorizes the officers of the Land Department to
issue a patent for such land upon ascertainment of certain
facts, that Department has jurisdiction to inquire into and
determine as to the existence of such facts, and, in the absence
of fraud, imposition, or mistake, its determination is conclu-
sive against collateral attack." Later on in the opinion the court
said: "There are undoubtedly many cases arising before the
Land Department in the disposition of the public lands where
it will be a matter of much difficulty on the part of its officers
to ascertain with accuracy whether the lands to be disposed of
are to be deemed mineral lands or agricultural lands, and in
such cases the rule adopted that they will be considered mineral
or agricultural as they are more valuable in the one class or
the other may be sound. The officers will be governed by the
knowledge of the lands obtained at the time as to their real
character. The determination of the fact by those officers that
they are one or the other will be considered as conclusive."
In *Perego* v. *Dodge,* 163 U. S. 160, 41 L. ed. 113, 16 Sup. Ct.
Rep. 971, 18 Mor. Min. Rep. 364, a suit under sec. 2326, the
court pointed out that it is "the question of the right of pos-
session" which is to be determined by the courts, and that the
United States is not a party to the proceeding. In *Clipper*

*Min. Co. v. Eli Min. & Land Co.* 194 U. S. 220, 48 L. ed.
944, 24 Sup. Ct. Rep. 632, adverse claims had been filed and
the case had gone to judgment. The court said: "We must not
be understood to hold that, because of the judgment in this ad-
verse suit in favor of the placer claimants, their right to a
patent for the land is settled beyond the reach of inquiry by
the government, or that the judgment necessarily gives to them
the lodes in controversy." The court then quotes from 2 Lind-
ley on Mines, sec. 765, to the effect that even after the judg-
ment of a court on the question of the right of possession, the
Land Department may pass upon the sufficiency of the proofs
to ascertain the character of the land and determine whether
the conditions of the law have been complied with in good faith.
The opinion of Mr. Justice Lamar, when Secretary of the In-
terior, in *Re Alice Placer Mine,* 4 Land Dec. 316, to the same
effect, was then quoted with approval. The court concluded:
"The Land Office may yet decide against the validity of the lode
locations and deny all claims of the locators thereto. So, also,
it may decide against the placer location and set it aside, and
in that event all rights resting upon such location will fall with
it.".

In the light of the foregoing, we will consider the present
case. These claims were filed in the Grand Canyon in terri-
tory now set aside as a national forest and national monument.
No adverse claims, therefore, now can be filed against them.
Appellee and his associates, as set forth in the bill, naturally
are "satisfied and content" with the situation, and "do not wish
and may never desire" a patent to these claims. It is apparent,
therefore, that unless the Land Department of the government,
to which and to which alone has been intrusted the authority
and duty of representing and protecting the public interest in
these matters, is authorized to inquire into the good faith of
these claims, the public interest may suffer. The jurisdiction
of the Department to make such an inquiry should this appellee
ask for a patent is not denied. The question of jurisdiction,
therefore, under his contention, is dependent upon his will. If
he conceives it to be to his interest to obtain a patent, juris-

diction will be conferred upon the Department to determine the character of the land embraced within these entries; but, if he elects not to apply for a patent, the Department, even if convinced that the character of the land is nonmineral, must permit him to occupy it to the exclusion of the public. This is a startling contention to press in a court of equity, and its fallacy is clearly apparent when we come to consider that the administration of the public land system was intrusted exclusively to the Land Department, that the public interest might be protected at all times.

But, says the appellee, it is open to the Land Department to institute a court proceeding to have determined his rights. The Department very naturally answers this contention by pointing out that under such a proceeding the court would be without jurisdiction to pass upon the fundamental question involved; namely, that of the character of the land. That question, as we have seen, has been held to be for the exclusive determination of the Department, and should the Department institute a court proceeding without first having determined it, there would be nothing upon which to base a judgment. We are clearly of opinion that this contention of appellee is unsound.

*Hardin* v. *Jordan,* 140 U. S. 371, 35 L. ed. 428, 11 Sup. Ct. Rep. 808, 838, and *Noble* v. *Union River Logging R. Co.* 147 U. S. 165, 37 L. ed. 123, 13 Sup. Ct. Rep. 271, are not in conflict with our conclusion that the Department has jurisdiction to inquire into the character of the land here involved; for in these cases there had been final action by the Department, and hence attempts to resume a jurisdiction wholly lost were abortive. In the present case, the legal title to the land embraced within these entries still is in the United States, and the question as to the character of that land still is undetermined. This, therefore, is an attempt not to prevent the Department from resuming a lost jurisdiction, but from exercising an existing jurisdiction and performing a statutory duty.

This attempt of appellee to interfere with the Department in the performance of its duty as the guardian of the public in-

terest must fail. If the character of this land really is mineral and the locations regular, such undoubtedly will be the finding of the Department, and appellee will be injured in no way. If, on the other hand, the character of this land is nonmineral and these locations irregular, these facts should be determined and appropriate action taken by the Department to restore this land to the public domain. The province of courts is to uphold, rather than stay, the hands of officials who, in good faith, are seeking to perform duties imposed by law.

It follows that the decree must be reversed, with costs, and the cause remanded with directions to dismiss the bill.

*Reversed and remanded.*