[Department Two.—June 27, 1883.]

# O. H. JOHNSON, PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

CONTEMPT—POWER OF THE COURT.—A defendant in an action for a divorce cannot be denied the process provided by law for procuring the testimony of witnesses residing beyond the jurisdiction of the State, on the ground that he has not obeyed the order of the court requiring him to pay the plaintiff her costs and counsel fees.

ID.—SERVICE.—Before a party can be brought into contempt for not complying with an order of court, such order must be served upon him. The mere delivery to a person in another State of a certified copy of the order is not such a service as the law requires. (SHARPSTEIN, J., and McKEE, J.)

APPLICATION for writ of mandate.

The facts are stated in the opinion of the court.

*T. Z. Blakeman*, for Petitioner.

*John D. Whaley*, for Respondent.

SHARPSTEIN, J.—Application for a writ of mandate. It appears by the petition for the writ that on the 28th of September, 1882, the wife of the petitioner commenced an action for divorce against him, and that, on the 2d of November, 1882, he, by his attorney, filed an answer to the complaint denying some of the material allegations thereof. On the 11th of November, 1882, the plaintiff's attorney in that action served upon the defendant's attorney therein notice of a motion to have the court allow the plaintiff therein a reasonable sum for expenses and counsel fees in said action. Said motion was heard on the 22d of November, 1882, and an order was then made that the defendant in said action pay to the plaintiff therein fifty dollars costs and fifty dollars counsel fees. A certified copy of said order was sent to the State of Missouri, and there delivered to the defendant in that action, who is the petitioner herein. He has never complied with said order. It is alleged in the petition that the petitioner has never at any time during any of the proceedings in said action, or during its pendency been within the State of California.

On the 23d of February, after serving due notice of his

motion, petitioner applied to said Superior Court in which said action was pending for an order directing a commission to issue to take the depositions of certain witnesses residing in Missouri, whose names were stated in said notice of motion. The court refused to order such commission to issue, on the ground that petitioner was in contempt for not obeying said order requiring him to pay plaintiff in said action her costs and counsel fees.

These are, in substance, the facts upon which the petitioner bases his application for a writ to compel said Superior Court to make the necessary order for the issuance of a commission to take the depositions of his said witnesses. The respondent demurs to the petition on the ground that it does not state facts sufficient to entitle the petitioner to the writ prayed for.

Ordinarily, a person sued has a right to defend, and the law has made provision for procuring the testimony of witnesses both within and without the jurisdiction of this State. Whether a defendant in an action for divorce can legally be denied the process which the law has provided for procuring the testimony of witnesses residing beyond the jurisdiction of this State, on the ground that he has not obeyed such an order as the one above mentioned, of which a certified copy was delivered to him in the State of Missouri, is the question which the record presents for adjudication.

Cases are not rare in which courts of equity have denied to parties in contempt, for disobedience of orders, all the rights to which said parties would otherwise be entitled; and even have gone so far as to strike out the answers of parties so in contempt. But "in this State the power of courts to punish for contempt has been regulated by statute. It is provided that, when one is adjudged guilty of contempt, he may be punished by a fine of not exceeding five hundred dollars, and by imprisonment for not exceeding five days, except when the contempt consists in the omission to perform an act which is yet in his power to perform, in which case he may be imprisoned until he have performed it." (*Galland* v. *Galland*, 44 Cal. 475.)

The Code states what shall constitute a contempt, and prescribes how a party committing it shall be punished; and it provides that "no statute, law, or rule is continued in force because it is consistent with the provisions of this Code on the same sub-

ject; *but in all cases provided for by this Code,* all statutes, laws, and rules heretofore in force in this State, whether consistent or not with the provisions of this Code, unless expressly continued in force by it, are repealed and abrogated." (Code Civ. Proc. § 18.)

In view of these provisions can it properly be held that a law or rule which authorized a punishment for contempt different from the punishment prescribed by the Code was not abrogated by the adoption of the Code? If so, what force and effect is to be given to the clause above quoted? The suggestion that a disobedient party, situated as the petitioner is, could not be punished in either of the modes prescribed by the Code, and would escape altogether unless he could be punished in some other way, is one for legislative rather than judicial consideration.

But there are other difficulties in the way of sustaining the action of the respondent herein. It does not appear that there was any service of the order which the petitioner failed to comply with, unless the delivery of a copy of it to him in the State of Missouri constituted a service. The six sections of the Code which immediately precede section 1016 provide several modes in which notices and papers may be served, but those provisions do not apply to the service "of any paper to bring a party into contempt." And where a party has an attorney in an action, service of papers to bring such party into contempt cannot be made upon such attorney. (Code Civ. Proc. § 1015.) Before a party can be brought into contempt for not complying with an order of court, such order must be served upon him, and the mere delivery to a person in Missouri of a certified copy of an order made by a court in this State, would not be a service upon him within the meaning of the law.

Finally, we do not think that the remedy adopted by the respondent to enforce a compliance with the order of the court is applicable to a divorce case. In this State "no divorce can be granted upon the default of the defendant." (Civ. Code, § 130.) The policy of the law, doubtless, is that a divorce shall not be granted until after a fair and full hearing of all the material and relevant testimony which either party may be ready or willing to introduce upon the issues raised by the pleadings. It cannot be granted "upon the uncorroborated

statement, admission, or testimony of the parties." But if the position of respondent be tenable, a divorce can be granted in a case in which a defendant is denied the privilege of introducing competent evidence to disprove all the material allegations of the complaint. And we are not advised that the petitioner, who has denied all the material allegations of the complaint filed against him, may not, if an opportunity is afforded him, fully establish his defense by competent proof. To deprive him of that opportunity in a divorce case, in which he is defendant, would, in our opinion, be to contravene the plain policy of the law.

Let the writ issue as prayed.

McKEE, J., concurred.

THORNTON, J.—I concur in the conclusion reached in the foregoing opinion on the last ground stated in it.