AMELIA EDISON v. ALBERT B. EDISON.

*Contempt—Non-payment of alimony.*

1. Personal demand is pre-requisite to a commitment for contempt in not paying alimony. How. Stat. § 7260.

2. An order for the payment of alimony is not such original process as need be served within the territorial limits over which a municipal court has jurisdiction.

Appeal from the Superior Court of Grand Rapids. (Parrish, J.) January 22.—January 28.

DIVORCE bill. Defendant appeals. Dismissed.

*Corbitt & Tatem* for complainant.

*R. W. Butterfield* for defendant appellant. A party will not be brought into contempt for non-payment of alimony

unless a proper demand of payment and refusal are shown: *Brown v. Brown* 22 Mich. 299; *Lorton v. Seaman* 9 Paige 609; *Gray v. Cook* 24 How. Pr. 432; *McComb v. Weaver* 11 Hun 271.

SHERWOOD, J.   The appeal in this case is from an order for the commitment of the defendant for contempt in refusing to obey the order of the judge of the Superior Court of Grand Rapids, requiring him to pay temporary alimony, solicitor's fees and expenses to the complainant.   The order requiring such payment was made on the 28th day of July, 1884, after the defendant had appeared, and upon a full hearing of the parties, and, upon the showing made, is quite reasonable in amount.   The record shows that a certified copy of the order was served on the defendant on the 9th day of August, 1884, and the defendant failing to comply with the order, the complainant made and filed proof of service of the order, and of the failure of the defendant to make payment; and thereupon the court made an order requiring the defendant to appear and show cause why an attachment should not be issued against him, and he be punished for his contempt in not complying with the order of the court.   The defendant appeared, and alleged for cause (1) that no demand had ever been made upon him for payment; (2) his inability to make payment for the want of property; (3) because the orders were served upon him outside of the city of Grand Rapids; (4) because the defendant is a non-resident of the city of Grand Rapids, and not within the jurisdiction of the Superior Court.   The court held the showing insufficient, and issued the order of commitment.

We do not think the defendant's failure to pay arises so much from inability as from a disinclination to comply with the order of the court.   The orders are not original process, within the meaning of the statute, conferring jurisdiction upon the Superior Court of Grand Rapids, and the service shown in the record was sufficient.   We regret that we are unable to sustain the order appealed from in this case, as the record shows no more than a reasonable requirement was made upon the defendant in the Superior Court; but the

first objection above mentioned is fatal to the proceedings. The statute requires that a personal demand of payment of the sum due shall be made upon the defendant before he can be committed for contempt. How. Stat. § 7260. This was not done, and for that reason alone the order must be set aside, and the proceedings will be dismissed without prejudice. We make no order relating to costs, but leave that subject to be disposed of at the proper time in the court below.

The other Justices concurred.