[No. 15929.   In Bank.—February 28, 1895.]

LEOTA K. T. GUTIERREZ, PETITIONER, v. THE
SUPERIOR COURT OF THE CITY AND
COUNTY OF SAN FRANCISCO, RESPONDENT.

WRIT OF POSSESSION—REVIEW OF ORDER—MANDAMUS.—Where a writ of
possession was issued under order of the court, any error committed
therein, or in a subsequent order refusing to set aside the execution of
the writ, can only be corrected upon appeal from the order, and cannot
be corrected by *mandamus*.

ID.—AWARD OF POSSESSION—EXECUTION OF JUDGMENT—SUBSEQUENT AP-
PEAL—RESTITUTION.—Where the possession of premises is awarded to
the plaintiff by the decree, and he has been placed in possession in pur-
suance of a writ of possession, the taking of an appeal from the judg-
ment after the writ has been executed does not entitle the defendant
to be restored to the possession; but, if the judgment appealed from
shall be reversed, the defendant will be entitled to restitution to what
he has lost by virtue of its execution.

APPLICATION to the Supreme Court for a writ of man-
date to the Superior Court of the City and County of
San Francisco.

The facts are stated in the opinion of the court.

*T. M. Osmont*, for Petitioner.

*Edward J. Pringle*, for Respondent.

HARRISON, J.—Application for a writ of mandate.

By the final decree in *Emeric* v. *Alvarado*, certain
lands in the possession of persons claiming to be the
successors in interest of the petitioner were awarded to
the plaintiff, and, after its entry, a writ of possession
was issued under the order of the court, by virtue of
which the plaintiff was placed in possession of these
lands.   Subsequently an appeal from the judgment was
taken on behalf of the petitioner herein, and after the
appeal had been perfected a motion was made before
the superior court, the respondent herein, on behalf of
said evicted persons, to be restored to the possession of
said lands.   The court denied the motion, and the peti-

tioner has applied to this court for a writ of mandate commanding the superior court to set aside the execution of the writ of possession, and to restore her and her successors in interest to the possession of said lands.

The application must be denied. The writ of possession was issued under an order of the court, and, if the court committed an error therein or in its subsequent order refusing to set aside the execution of the writ, the petitioner could appeal therefrom and have the error corrected. (*Green* v. *Hebbard,* 95 Cal. 40.) Whether the facts shown at the hearing of the application to vacate the execution of the writ were sufficient to authorize the granting of the motion called for the exercise of judicial action, and if error was committed in such action it cannot be corrected by mandamus.

By the terms of the decree the plaintiff was awarded the possession of the premises held by the petitioner's successors, and the act of placing him in such possession was in execution of the judgment. The petitioner could have stayed the execution of the judgment if she had appealed therefrom before it was executed; but, by failing to appeal until after it had been executed, she is not entitled to have its execution set aside by reason of such subsequent appeal, any more than a defendant against whom a money judgment has been satisfied by an execution against his property is entitled to be restored to his property upon afterwards taking an appeal from the judgment. If the judgment appealed from shall be reversed, the appellant will be entitled, under the provisions of section 957 of the Code of Civil Procedure, to full restitution of all that he may have lost by virtue of its execution.

The application is denied.

GAROUTTE, J., MCFARLAND, J., and VAN FLEET, J., concurred.