# Cases Argued and Determined

IN THE

# SUPREME COURT

OF THE

# State of South Dakota.

LARSON V. LARSON.

It is error in a divorce suit to order defendant's answer and cross bill to be dismissed because of his noncompliance with an order directing him to pay counsel fees and temporary alimony to plaintiff, the order directing such payment having been served only on defendant's counsel; Comp. Laws, Sec. 5337, making the following exception to the statute authorizing service of a paper on the attorney instead of the party: "The provisions of this chapter shall not apply to the service of * * * any paper to bring a party into contempt;" and the service on the party of such an order for payment of temporary alimony, in order to bring him into a contempt for a refusal, being further required by Sec. 5112.

(Opinion filed June 17, 1896.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action for divorce. From an order striking his answer from the files because of his failure to comply with an order to pay counsel fees and temporary alimony, defendant appeals, Reversed.

Vol. 9 S. D.—1

The facts are stated in the opinion.

*Frawley & Laffey*, for appellant.

The court erred in adjudging defendant in comtempt in this action, there being no service of any of the orders made by the court, upon the defendant as provided by law. The judgment or order must have been served upon the defendant personally; service of such order or judgment upon the defendant's counsel will not warrant the court in proceeding to punish for contempt. Comp. Laws, §§ 5336, 5337, 5112. § 1016, Code Civ. Proc. California, is identical with our statute, as is also § 2825, Rev. Stat. Wisconsin. See Johnson v. Superior Court, 63 Cal. 578; Hennesy v. Nicol, 38 Pac. (Cal.) 649. The court has not the power, in an action for a divorce, to strike out a defendant's answer, duly verified, which denies the material allegations of the complaint or sets up affirmative matter which, if true, would prevent the plaintiff from obtaining a decree. § 2580, Comp. Laws. This section is identical with § 130, Deering's Civil Code, Cal. See Johnson v. Superior Court, *supra*; Hennesy v. Nicols, *supra*. See, also, Gordon v. Gordon, 30 N. E. 447; Peel v. Peel, 50 Iowa 521.

*Joseph B. Moore*, for respondent.

The appearance generally of defendant, and his contesting upon the merits, the making of the order striking his answer from the files, would seem to completely dispose of the first ground of error assigned by appellant. Davis v. Davis, 32 N. Y. Supp. 10. There can be no doubt that in a proper case, such as we claim this to be, the circuit court has the power to strike out an answer, in order to punish a defendant for contempt, when there is no other way to compel compliance with an order, properly made, after the defendant has submitted himself to the jurisdiction of the court. See Walker v. Walker, 82 N. Y. 260.

FULLER, J. As punishment for a contempt of court in failing and neglecting to comply with an order directing the pay-

ment of counsel fees and alimony to the wife during the pendency of her suit for a divorce, the trial court made the order from which this appeal is taken, and by which the answer and cross bill of the defendant were dismissed and stricken from the files, with the direction that the case proceed as though no appearance had been made by the defendant.   In Williams v. Williams (S. D.), 61 N. W. 38, the husband, who instituted an action for divorce, neglected to comply with an order of the trial court directing the payment of counsel fees and temporary alimony, and while the complainant was thus in contempt this court, ruled by the cogent principle that "he who seeks equity must do equity," declined to reverse or modify a judgment for permanent alimony.   But when a defendant would be deprived of his day in court, and right to have the merits of the controversy investigated and judicially determined, the courts, under an enlightened consideration for the welfare of society, have refused to strike out the answer of a contumacious defendant in an action for a divorce.   While it has been held in a number of recent and well-considered cases that proceedings may be stayed or relief denied so long as a plaintiff is in contempt for a failure to pay temporary alimony, a contrary doctrine, for obvious reasons, seems to prevail where courts have been called upon to strike an answer from the files, and allow the action to proceed to an *ex parte* judgment.   To the effect that a court is without authority to deprive a defendant of his right to resist an action for divorce, because he contemptuously disobeys an order for the payment of counsel fees and temporary alimony, see Gordon v. Gordon, 141 Ill. 160, 30 N. E. 446; Johnson v. Superior Ct., 63 Cal. 578; Peel v. Peel, 50 Iowa, 521; 2 Nels. Div. 861.

As the order appealed from must be reversed because there was no service upon the defendant, as required by statute, it is unnecessary to determine at this time whether, under any circumstances, a court would be justified in striking an answer from the files as a punishment for contempt in refusing to com-

ply with an order or decree directing the payment of suit money or alimony in an action for a divorce. The only service of the order directing the payment of counsel fees and temporary alimony was upon counsel for appellant, and none of the orders in relation to the matter were ever served upon the defendant. The order appealed from concludes as follows: "It is ordered that, by virtue of the facts hereinbefore recited, the defendant, Nels M. Larson, whom the record herein shows to be a non-resident of this state, is in contempt of this court, by reason of his failure to comply with the order of this court made and entered herein on the 5th day of May, 1894, and the further order made July 11th, 1854; and that being without the state of South Dakota, beyond the power of the court to punish him by fine or imprisonment on account of said contempt, that he be punished by having his answer, served on the plaintiff herein, stricken from the files and records of this court, and the service thereof upon plaintiff vacated and set aside; and it is so ordered, and said answer is hereby stricken from the files and records of this court, and the service thereof upon plaintiff is hereby vacated and set aside, and this cause shall proceed as if no appearance had been made by the defendant herein." Upon the theory that appellant was in contempt of court, the order appealed from was made and entered; and the power and jurisdiction of a court to commit a contemner in a proper case may well be conceded, but from the statute authorizing the service of a paper upon the attorney, instead of the party, the following exception is expressly made in contempt proceedings, and by the following mandatory statutory requirement, found in the chapter of the Compiled Laws relating to the subject of notice and service of papers and process: "The provisions of this chapter shall not apply to the service of a summons, or other process, or of any paper to bring a party into contempt." Sec. 5337. An order or judgment requiring the payment of temporary alimony or counsel fees must, by the law of this state, be served upon the party against whom the

same is awarded, before he can be brought into contempt for a refusal to comply therewith. Comp. Laws, § 5112; Johnson v. Superior Ct., 63 Cal. 580; Hennessy v. Nicol (Cal.), 38 Pac. 649; Ryckman v. Ryckman, 32 Hun. 193; Brown v. Brown, 22 Mich. 299; Sanchez v. Sanchez, 21 Fla. 347; Edison v. Edison, 56 Mich. 185, 22 N. W. 264. The order appealed from must be reversed, and the case remanded for further proceedings. It is so ordered.