[L. A. No. 9591. In Bank.—December 9, 1926.]

EDWARD VELARDI MANRIQUEZ, Petitioner, v. SU-
PERIOR COURT IN AND FOR LOS ANGELES
COUNTY et al., Respondents.

[1] DIVORCE—MOTION FOR NEW TRIAL—CONTEMPT OF COURT—REFUSAL
TO PAY ALIMONY—DISMISSAL OF MOTION FOR NEW TRIAL—ABUSE
OF DISCRETION.—In this proceeding for a writ of mandate to com-
pel the respondents to restore to the calendar and to dispose of
a motion for a new trial in an action for divorce, it is held that,
under the circumstances disclosed by the record, the trial court
abused its discretion in making an order dismissing a motion for
a new trial on account of the defendant's being in contempt of
court for noncompliance with a previous order to pay alimony.

(1) 4 C. J., p. 832, n. 48.

APPLICATION for Writ of Mandate to compel the
Superior Court in and for Los Angeles County and a Judge
thereof to restore to the Court's calendar and dispose of a
motion for new trial. Writ granted.

The facts are stated in the opinion of the court.

Alan Nichols for Petitioner.

Everett W. Mattoon, County Counsel, and McIntyre Faries,
Deputy County Counsel, for Respondents.

THE COURT.—At the close of the oral argument the
chief justice announced the decision of the court as fol-
lows:

This is an application for a writ of mandate to compel
the respondent Superior Court, and the Judge thereof, to
restore to its calendar, and to dispose of, a motion for
a new trial, in an action entitled *Eileen M. M. Manri-
quez* v. *Edward Velardi Manriquez,* pending in said

1. Denial of privileges as a litigant as punishment for failure to
comply with an order granting alimony, notes, 4 L. R. A. (N. S.)
1185; L. R. A. 1915E, 567. See, also, 5 Cal. Jur. 934.

court. The record discloses that the trial judge, when the motion was called for hearing, being of the opinion that the defendant in the case, and the moving party for a new trial, was in contempt of court for noncompliance with an order of the court previously made allowing alimony, made and entered an order in which it is recited that the motion for a new trial came on for hearing, A Moresby White representing the plaintiff and Alan Nichols representing the defendant, and ordering that said motion for a new trial be dismissed on account of the defendant being in contempt of court for noncompliance with a court order. The attorney for the defendant duly excepted thereto.

[1] The court is of the opinion that, under the circumstances disclosed by the record which is now before it on the petition and the return of the respondent, the trial court acted in abuse of its discretion in making the order complained of, and that it is that court's duty to restore said motion for a new trial to its calendar, and to proceed to dispose of the same on its merits as required by law.

Let the writ issue as prayed for.