[Civ. No. 5771. First Appellate District, Division Two.—March 16, 1927.]

CLAYTON ARCHER, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] Mandamus — Motions Modifying Interlocutory Decree of Divorce—Order of Trial Court Dealing With.—In a proceeding in *mandamus* to compel the superior court to hear motions modifying an interlocutory decree of divorce, the appellate court is entitled to take into consideration all the facts surrounding the making of an order dealing with the motions and is not bound by the phraseology of the order as written.

[2] Id.—Refusal to Hear Motions — Jurisdiction.—In such proceeding, when the petitioner offered to present his motions, if no legal objection existed, it became the duty of the trial court to take and exercise its jurisdiction, which is the power to *hear and determine;* and the trial court having refused to act on the motions of the petitioner, it did not *hear.*

[3] Id.—Appeal—Remedies.—The fact that the order refusing to hear petitioner's motions was an appealable order and that petitioner had a remedy by appeal therefrom did not deprive petitioner of the right to maintain such *mandamus* proceeding.

[4] Id.—Contempt—Refusal to Hear Motions—Error.—The action of the trial court in declining to hear the motions of such petitioner because he stood in contempt of court was error.

(1) 38 C. J., p. 920, n. 29.    (2) 15 C. J., p. 723, n. 79, p. 816, n. 31.    (3) 38 C. J., p. 567, n. 31.    (4) 13 C. J., p. 92, n. 28; 38 C. J., p. 610, n. 79.

PROCEEDING in Mandamus to compel the Superior Court of the City and County of San Francisco to hear motions modifying an interlocutory decree of divorce. T. I. Fitzpatrick, Judge. Writ granted.

The facts are stated in the opinion of the court.

2.    See 7 Cal. Jur. 584.
3.    See 16 Cal. Jur. 787, 823; 18 R. C. L. 133.
4.    Disabilities of person in contempt of court, notes, 2 Ann. Cas. 463; 8 Ann. Cas. 841; 21 Ann. Cas. 453. See, also, 5 Cal. Jur. 933; 6 R. C. L. 526.

Willis C. White and Russell W. Cantrell for Petitioner.

Peter tum Suden and Richard tum Suden for Respondents.

STURTEVANT, J.—This is an application for a writ of *mandamus* directed against the Superior Court requiring it to hear a motion modifying an interlocutory decree of divorce. The respondents were served with an alternative writ and they appeared and filed a general demurrer. From the petition it appears that Adelphia Archer commenced an action against this petitioner, Clayton Archer, to obtain a divorce; the husband was served with summons and complaint, but did not appear and answer; thereafter, on the seventh day of June, 1926, an interlocutory decree of divorce was granted to the plaintiff; by the terms of that decree it was held that the wife was entitled to a decree of divorce on the ground of the husband's intemperance; that the wife should have the custody of the minor children; that the wife is entitled to $200 per month maintenance; that she is also entitled to one-half of the household furniture and to an undivided one-half interest in certain real and personal property and to $250 counsel fees and $25 for costs; that on the tenth day of September, 1926, on the application of plaintiff, an order to show cause was issued directing the husband to appear and show cause why he should not be punished for contempt; that the hearing on said order was continued from time to time until the sixth day of December, 1926; that on the seventeenth day of November, 1926, this petitioner served and filed papers to the effect that on the return day of the order to show cause the petitioner would move the trial court that the interlocutory decree of divorce should be vacated and set aside because at the time the plaintiff filed her complaint in divorce she had not acquired a statutory residence in San Francisco of three months immediately preceding the commencement of the divorce action; that the hearings of petitioner's motion were regularly continued and the hearing of said motions and of the order to show cause both came on for hearing on the sixth day of December, 1926; that when the case of *Archer* v. *Archer* was called the attorney of the petitioner arose and addressed the court regarding the motions which the petitioner had noticed

for that day and hour; that the attorney for the plaintiff arose and interrupted his opponent and proceeded to state the facts regarding the order to show cause which he was ready to present and also interposed the objection that the defendant should not be heard, as he was in contempt; that the judge of the trial court and the respective attorneys carried on a short conversation regarding the facts; that in that conversation it transpired that all of the moneys had not been paid and then the trial court, among other things, announced: "Until he (defendant) does show some evidence of good faith I will not listen to his motions, and you may consider them as denied at this time. I will continue the hearing of the order to show cause until December 8, 1926, at 11:45 o'clock a. m., and unless the defendant at that time is in a position to make a substantial payment, I will send him to jail"; that thereupon the courtroom clerk entered a minute order: "Motion to be relieved under section 473, C. C. P., denied; order to show cause continued to December 8, 11:45 a. m."; that on the eighth day of December, 1926, the order to show cause came on for hearing and the defendant was adjudged guilty of contempt; that execution was stayed five days; that thereafter, on the fourteenth day of December, 1926, the petitioner appeared and paid the attorney for the plaintiff $200 and the trial court discharged the petitioner in the contempt proceedings; that thereupon the petitioner again moved the trial court to hear his motions and that the trial court refused to hear the same and continued the order to show cause until the fourteenth day of January, 1927; that thereafter the petitioner applied to this court for the writ of *mandamus.*

[1] The respondents quote passages from the petition to the effect that when the application of the petitioner was called for hearing that the trial court denied it. They then argue that there is nothing undone the performance of which could be directed by a writ of *mandamus.* As we are considering an order as distinguished from a judgment, we are entitled to take into consideration all the facts and are not bound by the phraseology of the order as written. (Code Civ. Proc., sec. 1909; *Cahill* v. *Superior Court,* 145 Cal. 42, 44 [78 Pac. 467]; *De La Beckwith* v. *Superior Court,* 146 Cal. 496, 498 [80 Pac. 717]; *Herd* v. *Tuohy,* 133 Cal. 55, 63 [65 Pac. 139].) [2] Having done so, it is clear that the

trial court refused to act on the motions of the petitioner. When the petitioner offered to present his motions, if no legal objection existed, it became the duty of the trial court to take and exercise its jurisdiction. The jurisdiction of a court is power to *hear and determine.* In this case the utmost that can be said is that the trial court *determined.* The uncontradicted facts are that it did not *hear.*

[3] In the next place, the respondents argue that the order complained of was made after the defendant could have appealed from an interlocutory judgment and as such the order was an appealable order and that as long as the petitioner had a remedy by appeal he was not entitled to maintain this proceeding. (Code Civ. Proc., sec. 963, subd. 2; *Lindley* v. *Superior Court,* 141 Cal. 220 [74 Pac. 765].) If the point is good it would apply with equal force in an application for a writ of review, or an application for a writ of prohibition, as well as an application for a writ of *mandamus.* (Compare secs. 1068, 1086, and 1103, Code Civ. Proc.) In this connection it should be noted that, although the point was not raised that the petitioner's remedy was an appeal, a petition was entertained by the Supreme Court in an application for a writ of review (*Suttman* v. *Superior Court,* 174 Cal. 243 [162 Pac. 1032]), and in a prohibition proceeding (*McGuinness* v. *Superior Court,* 196 Cal. 222 [40 A. L. R. 1110, 237 Pac. 42]). Moreover, in *Dell* v. *Superior Court,* 53 Cal. App. 436 [200 Pac. 85], the identical point was presented to the court and on page 439, the court said that the remedy by appeal was inadequate and then added: "While petitioner would upon an appeal be entitled to a reversal of the order, he could, by order of court, be compelled to supply his wife with the necessary means to enable her to resist the appeal, and likewise, under an order of court, compelled to pay his wife suit money and costs asked for in a futile prosecution of the second action instituted by her for divorce, as to all of which the law makes no provision for reimbursement." (See, also, *Ophir Silver Min. Co.* v. *Superior Court,* 147 Cal. 467, 479 [3 Ann. Cas. 340, 82 Pac. 70].) The reasoning in the case of *Dell* v. *Superior Court* is directly applicable to the facts before us.

[4] The respondents also contended that when the trial court declined to hear the application of this petitioner be-

cause the petitioner stood in contempt, that the ruling of the trial court and the reason assigned is supported by authority. (13 C. J. 91, sec. 139.) The authority so relied on does not include any ruling by the Supreme Court of this state. The exact point has not been decided by that court.

However, questions similar to the one presented in the instant case have heretofore been presented to the Supreme Court. Its decisions thereon are of no help to the respondents, but are of help to the petitioner. (*Galland* v. *Galland*, 44 Cal. 475; *Johnson* v. *Superior Court*, 63 Cal. 578; *Winter* v. *Superior Court*, 70 Cal. 295 [11 Pac. 633]; *Foley* v. *Foley*, 120 Cal. 33, 39 [65 Am. St. Rep. 147, 52 Pac. 122]; *Manriquez* v. *Superior Court*, 199 Cal. 749 [251 Pac. 1118].) The case last cited grew out of an action for divorce. The wife commenced the action and was awarded an interlocutory decree. The defendant attempted to move for a new trial. At that time he was in default in not having paid certain moneys due to his wife under and pursuant to an order theretofore made by the trial court. When the motion for a new trial was called for hearing the trial court recited the fact that the husband was in contempt for having failed to pay the maintenance theretofore ordered, and thereupon the trial court ordered the motion for a new trial to be dismissed. The husband applied for and was granted a writ of *mandamus* requiring the trial court to restore the motion for a new trial to its calendar and to proceed to dispose of the same on its merits. (See, also, *State* v. *Clancy*, 24 Mont. 359 [61 Pac. 987, 990].)

The respondents cite and rely on *Monterey Coal Co.* v. *Superior Court*, 11 Cal. App. 207 [104 Pac. 585]. We have carefully examined the citation and the authorities therein referred to. Comparing it with the cases cited above, and especially with the reasoning in *Foley* v. *Foley*, we do not find *Monterey Coal Co.* v. *Superior Court* to be controlling in the instant case.

For the reasons herein stated we think that the writ should issue. It is so ordered.

Nourse, J., and Koford, P. J., concurred.