[Civ. No. 7412. Second Appellate District, Division Two.—July 29, 1930.]

JAMES FUNFAR, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Henry Haves for Petitioner.

Benno M. Brink for Respondents.

GATES, J., *pro tem.*—This is an original application for a writ of prohibition to be directed against the Superior Court of Los Angeles County and certain judges thereof, and also to the county clerk and sheriff of the aforementioned county, commanding and directing the court and its officers to desist and refrain from further proceedings in a certain cause, *Funfar* v. *Funfar,* No. D63849, which was filed therein; also, for a writ of mandate directed against Judge Clair S. Tappaan compelling him to make a certain order granting petitioner's motion to strike from the files an order purporting to modify and amend findings of fact and conclusions of law and an interlocutory decree of divorce.

The following facts are made to appear: Petitioner is the defendant in the action in question, which was an action commenced by Sophia Funfar for a divorce. The cause was heard by Judge Lamberson, who gave judgment for plaintiff, which judgment was entered March 27, 1930. On March 28th petitioner filed his notice of intention to move for a new trial. It is alleged that on May 13, 1930, Judge Lamberson made an order denying petitioner's motion for a new trial. On May 15th petitioner filed his notice of appeal from the interlocutory judgment of divorce. Pursuant to a letter written by counsel for Mrs. Funfar to Judge Lamberson, the latter made an order on May 19, 1930, modifying the findings of fact and conclusions of law and interlocutory decree, all of which were entered

May 23, 1930. On May 22, 1930, petitioner served and filed a notice of motion to strike the order first mentioned, which motion was on May 27th denied by Judge Tappaan upon the ground that the superior court had no jurisdiction for the reason that an appeal had been perfected on May 15th. It appears that the court materially modified the findings of fact and conclusions of law and the interlocutory decree of divorce. Petitioner alleges that the court and its officers are threatening to proceed with the execution of certain writs and processes and that the receiver who is now in possession of the property will be dispossessed.

At the hearing held in this proceeding each of the parties stipulated that the matters alleged in the pleadings of the other were facts to be considered in the case. In other words, the matters set forth in the petition and the answer are to be taken as a basis for a decision of the proceeding. It is not alleged in the answer that the petitioner was guilty of a disobedience to the first interlocutory decree entered by the court, but the facts with reference to this matter appear in exhibits attached to the answer. It is in effect, however, stipulated in the briefs that Funfar was guilty of such disobedience. In other words, although the matters constituting the disobedience are not properly pleaded, the proceeding has been conducted by both sides upon the theory that petitioner was guilty of contempt of the trial court. Petitioner states in his petition that he has no plain, speedy or adequate remedy at law. Respondents have filed a general demurrer to the petition and have also answered. The answer raises no material issues.

It will be unnecessary to discuss or decide the petitioner's major contentions, in view of respondents' unanswerable claim that because of the former's unquestioned wilful disobedience of an order of the court, which disobedience amounts to contempt of court, the petitioner upon that ground alone is not entitled to the relief here sought; for it clearly is settled that a party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to its legal orders and processes. (*O'Neill* v. *Thomas Day Co.*, 152 Cal. 357, 362 [14 Ann. Cas. 970, 92 Pac. 856].) The rule is clearly stated by our Supreme Court in *Weeks* v. *Superior Court*, 187 Cal. 620 [203 Pac.

93], which was an application for a writ of mandate, in the following language: "No rule of law seems more widely prevalent or better established than that a court whose authority has been put at naught will extend no favors or privileges to the party in contempt until he has acknowledged its authority by purging the offense." Petitioner maintains that because he is in contempt this court should not refuse to extend to him its processes, his contempt being a matter solely for the superior court. There is no merit to this contention. In *Weeks* v. *Superior Court, supra,* wherein the petitioner sought a writ of mandate, the court predicated its refusal to issue the writ upon the ground that petitioner was in contempt of the superior court when his application was made. In *Knoob* v. *Knoob,* 192 Cal. 95 [218 Pac. 568], the Supreme Court dismissed an appeal where it appeared that the appellant had wilfully disobeyed a modified decree of divorce. In *Paddon* v. *Superior Court,* 65 Cal. App. 479 [224 Pac. 474], which was a proceeding in prohibition to review an order of the superior court, restraining the taking of certain depositions, wherein it was shown that there were certain proceedings pending against the petitioner, who was the real party in interest therein, charging him with contempt of the orders of the trial court at the time the order sought to be reviewed was made, it was decided that the application for the writ of prohibition should be denied upon the authority of *Knoob* v. *Knoob, supra; Soderberg* v. *Soderberg,* 63 Cal. App. 492 [219 Pac. 82], and *Weeks* v. *Superior Court, supra.* Petitioner, therefore, who is admittedly in contempt of the superior court, cannot, for the reasons above stated, invoke the process of this court so long as he thus continues to be in contempt of the superior court.

What we have heretofore said concerning petitioner's contempt likewise applies to his application for a writ of mandate. (*Weeks* v. *Superior Court, supra.*)

And, furthermore, it is clear that there is no duty upon the respondent judge to further act in the premises, he having already denied, and correctly so, petitioner's application to strike the order in question. It is elementary that where the court has acted judicially its action cannot be controlled by the writ, for to allow the writ so to be used

would be equivalent to making it a writ of error. (16 Cal. Jur. 822.) Petitioner has his remedy by appeal. It therefore follows that the writ should not be granted. (*Gay* v. *Torrance,* 143 Cal. 169 [76 Pac. 973]; *Gutierrez* v. *Superior Court,* 106 Cal. 171 [39 Pac. 530].)

Writ of prohibition denied. Peremptory writ of mandate is denied.

Works, P. J., and Craig, J., concurred.

'A petition for a rehearing of this cause was denied by the District Court of Appeal on August 28, 1930.