[Civ. No. 7586. Second Appellate District, Division Two.—November 18, 1930.]

FRANK W. SCHUBERT, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Robert J. Sullivan for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Pritchard, Deputy County Counsel, for Respondent.

CRAIG, Acting P. J.—A motion having been presented by the petitioner herein to the Superior Court for modification of an interlocutory decree of divorce in which he was named as defendant, he was denied permission to examine the plaintiff or to introduce any evidence, upon the ground that he had previously been adjudged in contempt of court for a failure to comply with the terms of said decree. The petitioner applies to this court for a writ of *mandamus* requiring the hearing and determination of such motion.

▮ The decree provided for certain regular monthly payments of money by petitioner for the maintenance and support of a minor child of the parties, which provision it was found by the court he had violated for a period of about four months. The order in this respect, dated February 25, 1930, recited that "the court finds the defendant guilty of contempt for failure to pay order, having the ability so to do". Upon interposing his motion for modification of the decree, the plaintiff's counsel objected to the introduction of evidence upon the ground that the defendant was in contempt of court, and that the court was without jurisdiction of the matter, which objection was sustained. The instant proceeding is predicated upon *Archer* v. *Superior Court*, 81 Cal. App. 742 [254 Pac. 939, 940], principally, it is said, because the cases are not dissimilar. But an important distinction is at once apparent from the fact that Archer's motion for modification of an interlocutory decree was filed before an order to show cause why he should not be punished for contempt had been heard. Both proceedings were placed upon the calendar, but were held in abeyance, and for no other reason than that expressed, the trial court ruled: "Until he does show some evidence of good faith I will not listen to his motions." Thereafter a substantial payment was made, the petitioner was discharged in the contempt proceedings, and the court still refused to entertain his motion. The petitioner herein ignored the provisions of the decree, was ordered to show cause why he should not comply therewith, upon a hearing was adjudged to have wilfully violated the same, and was

held in contempt of court. Following further derelictions, he has again been cited to show cause, yet he prays the equitable indulgence of the court which he has persistently defied. Reviewing the history of such summary powers of trial courts, a thorough consideration was afforded the rule upon refusal to strike a complaint from the files, in *O'Neill* v. *Thomas Day Co.*, 152 Cal. 357 [14 Ann. Cas. 970, 92 Pac. 856, 859]. It was there observed that section 1991 of the Code of Civil Procedure provided for drastic action in proper cases, but that it was predicated upon the party being adjudged guilty of contempt. Further, it was said: ''To such a judgment for a contempt, committed out of the immediate presence of the court, a citation and showing is necessary. The court having found the contempt, must punish the plaintiff for it, and in a proper case that punishment may take the form of a ruling striking out his complaint. A certain discretion is vested in the court in this regard, but it is not a discretion which would permit the court in one case and under an identical state of facts to strike out a complaint, and in another case and under an identical state of facts to refuse to strike it out. If the plaintiff upon being adjudged guilty of contempt should express his willingness to obey further orders of the court and to answer the questions propounded to him, clearly whatever other punishment might be awarded against him for his contempt, that of striking out his complaint would be altogether too severe. But upon the other hand, if the plaintiff remain obdurate and contumacious, it would not only be the right but as well the duty of the court to refuse to proceed with his litigation further, and to evidence its refusal by ordering the pleading stricken from the files.''

Likewise, in *Weeks* v. *Superior Court*, 187 Cal. 620 [203 Pac. 93, 94], upon numerous authorities of this and other jurisdictions, including *O'Neill* v. *Thomas Day Co., supra,* it was said: ''No party to an action can, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt of its legal orders and processes. . . . 'No rule of law seems more widely prevalent or better established than that a court whose authority has been put to naught will extend no favors or privileges to the party in contempt until he has acnowledged its authority by purging the offense.' ''

Petitioner having failed to bring himself within the foregoing rules, is not entitled to the writ of *mandamus* herein prayed.

The writ is denied.

Thompson (Ira F.), J., and Archbald, J., *pro tem.*, concurred.