[File No. 5951.]

COMMERCIAL CREDIT COMPANY, a Corporation, Respondent, v. EVERETT BRASETH, Appellant.

(237 N. W. 699.)

Opinion filed July 14, 1931.

*Thoresen & Paletz,* for appellant.

*O'Keefe & Peterson,* for respondent.

BURKE, J. This is an action to recover on a conditional sales contract for the sale of a motor truck.

The answer to the complaint is a general denial. After the joining of issue the plaintiff's attorney applied to the court for an order directing the defendant to appear before the court for examination as a

witness, and the court thereafter, on the 19th day of February, 1931, made an order requiring the defendant to appear on the 26th day of February, 1931, at the hour of two o'clock in the afternoon, at the court rooms, in the courthouse, in the city of Grand Forks for examination by the plaintiff in said action, and it was further ordered, that a copy of the order be served upon the said defendant or his attorneys at least five days before the said day of hearing. This order never was served upon the defendant but on the day of its issue defendant's attorney admitted service thereon. On the return day the defendant did not appear but his attorney, Mr. Paletz, was present. Thereafter, and on the 27th of February, 1929, plaintiff's attorneys served upon the attorneys for the defendant a notice of motion to strike defendant's answer out, for a judgment for the relief demanded in the complaint and that said motion would be made upon all the records, files and pleadings, and upon the ground that defendant failed, refused and neglected to comply with and obey the order of said court of the 19th day of February, 1931, directing and ordering him to appear before said court for examination before trial as provided by law. On the 16th of March, 1931, the court made its order striking out the defendant's answer, and thereafter, and on the 28th day of March, 1931, the court made its order for judgment by default, and as prayed for in the complaint and from a judgment entered thereon the defendant appeals.

It is the contention of the appellant, that the court erred in striking out defendant's answer. It is conceded, that the order to appear and give testimony was never served upon the defendant, but counsel for respondent claims that the service upon defendant's attorney under § 7959, Comp. Laws 1913, which provides: "When a party shall have an attorney in the action, the service of papers shall be made on the attorney instead of the party," was sufficient service. But § 7960, Comp. Laws 1913, provides: "The provisions of this chapter shall not apply to the service of a summons, or other process, or of any paper to bring a party into contempt."

"It is error in a divorce suit to order defendant's answer and cross bill to be dismissed because of his noncompliance with an order directing him to pay counsel fees and temporary alimony to plaintiff, the order directing such payment having been served only on defendant's

counsel; Comp. Laws, § 5337, making the following exception to the statute authorizing service of a paper on the attorney instead of the party: 'The provisions of this chapter shall not apply to the service of . . . any paper to bring a party into contempt;' and the service on the party of such an order for payment of temporary alimony, in order to bring him into a contempt for a refusal, being further required by § 5112." Larson v. Larson, 9 S. D. 1, 67 N. W. 842.

It follows as a matter of course that § 7959, Comp. Laws 1913, applies only to those papers which relate to matters which can be attended to by the attorneys and which do not require a party to do, or not to do something personally. An adverse party called as a witness can only be brought into court the same as any other witness.

Section 7865, Comp. Laws 1913, states, the party to be examined as provided in § 7864, may be compelled to attend in the manner provided in article 2 of chapter 20 of the Code of Civil Procedure. Here is a specific provision for getting an adverse party into court before trial as a witness, and there is no other means, except that provided in article 2 of said chapter 20.

Under § 7872, Comp. Laws 1913, a subpœna must be issued, under § 7873, Comp. Laws 1913, "The subpœna shall be directed to the person therein named, requiring him to attend at a particular time and place to testify as a witness."

Under § 7875, Comp. Laws 1913, "The subpœna shall be served either by reading or by copy delivered to the witness, or left at his usual place of residence."

Under § 7877, Comp. Laws 1913, "A witness may demand his traveling fees and fee for one day's attendance." All of these provisions apply to a party called as an adverse witness the same as any other witness, and it is conceded, that no subpœna or order was ever served upon the defendant, and it follows that he was not required to appear and give testimony.

The specific grounds for striking out defendant's answer as stated in the notice are that defendant failed, refused and neglected to comply with and obey the order of the court. Section 7867, Comp. Laws 1913, provides, "If a party refuses to attend . . . he may be punished as for contempt and his complaint, answer or reply may be stricken out." If he had been served personally with the order and

refused to obey it, he might have been punished for contempt by fine or imprisonment, or his answer might have been stricken, but certainly not when he was not served as required by law. Any process which brings a man into court must be served personally and then if the party refuses to obey he is in contempt.

The judgment of the trial court is reversed and the case remanded for further proceedings not inconsistent herewith.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL, and NUESSLE, JJ., concur.