[Civ. No. 8698. First Appellate District, Division Two.—September 21, 1932.]

ALBERT C. TURNBULL, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Jerome L. Schiller and Ralph L. Isaac for Petitioner.

Carroll A. Murphy for Respondents.

SPENCE, J.—Petitioner seeks a writ of mandate to compel respondents to dismiss a certain action entitled *Harriet A. Turnbull* v. *Albert C. Turnbull*, said action being No. 128,810 in the files of the respondent court. The answer of respondents admits that the time for bringing the action to trial was never extended by stipulation of the parties and alleges that petitioner's motion to dismiss was denied by the respondent court on the ground that petitioner was in contempt at the time the motion was made.

The essential facts are undisputed. The action was filed in 1921 and was at issue on both the complaint and cross-

complaint as early as April, 1922. In December, 1921, the respondent court had made its order requiring petitioner to pay to the plaintiff in said action the sum of $40 per month as alimony *pendente lite*. No further proceedings were had and the motion to dismiss was made after the cause had been at issue for more than ten years. In the trial court plaintiff filed an affidavit in opposition to the motion to dismiss and petitioner filed a counter-affidavit. Plaintiff's affidavit admitted that petitioner had paid a total of $3,800, but alleged that there was a balance unpaid of $1240. It further alleged facts tending to show that at all times petitioner had the ability to fully comply with said order, but had failed to do so. Petitioner's affidavit showed that a smaller amount remained unpaid than the amount stated by plaintiff and alleged facts tending to show his inability to fully comply with the order. The conflict is immaterial on this proceeding and we may assume that all of the facts alleged by plaintiff were true and that petitioner was in contempt at the time he made his motion to dismiss.

It is petitioner's contention that even assuming that he was in contempt for failure to fully comply with the order made in 1921, it was the duty of the trial court under section 583 of the Code of Civil Procedure to dismiss the action. In our opinion this contention must be sustained. The pertinent portion of that section reads: "Any action heretofore or hereafter commenced shall be dismissed by the court . . . on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended." It has been repeatedly held that these provisions are not discretionary but mandatory and that the only exception is the one stated in the section itself. (*Sacramento Transp. Co.* v. *California Rec. Co.*, 205 Cal. 42 [269 Pac. 640]; *Andersen* v. *Superior Court,* 187 Cal. 95 [200 Pac. 963]; *City of Los Angeles* v. *Superior Court,* 185 Cal. 405 [197 Pac. 79]; *Larkin* v. *Superior Court,* 171 Cal. 719 [Ann. Cas. 1917D, 670, 154 Pac. 841]; *Cruse* v. *Superior Court,* 102 Cal. App. 290 [283 Pac. 73].) It is also well settled that *mandamus* is an appropriate remedy where the trial court refuses to

dismiss the action. (*Andersen* v. *Superior Court, supra,* and cases cited therein.)

Respondents stand upon the proposition that petitioner, being in contempt, is not entitled to the relief sought. They cite and rely upon certain cases typical of which are *Weeks* v. *Superior Court,* 187 Cal. 620 [203 Pac. 93]; *Schubert* v. *Superior Court,* 109 Cal. App. 633 [293 Pac. 814]; *Funfar* v. *Superior Court,* 107 Cal. App. 488 [290 Pac. 626]. In reply petitioner calls our attention to several cases in which writs have been issued compelling the trial courts to act under certain circumstances even though the petitioners were in contempt. (*Manriquez* v. *Superior Court,* 199 Cal. 749 [251 Pac. 1118]; *Jansen* v. *Superior Court,* 99 Cal. App. 718 [279 Pac. 227]; *Archer* v. *Superior Court,* 81 Cal. App. 742 [254 Pac. 939].) It is conceded by petitioner and respondents that none of the authorities are directly in point. In our opinion the duty placed upon the trial court under the mandatory provisions of said section 583 distinguishes the present case from the authorities relied upon by respondents. Under that section it is the duty of the trial court "upon its own motion" to dismiss the action whenever it appears that the delay in bringing the action to trial exceeds the five-year period and that there has been no stipulation extending the time. This was clearly indicated in the recent case of *Sacramento Transp. Co.* v. *California Rec. Co., supra,* where the motion was made by the plaintiff rather than the defendant. The court there said at page 44: "The purpose of section 583 of the Code of Civil Procedure is to compel the parties to action in the direction of a speedy trial of causes after issue joined. The trial court in the instant case would have been bound on its own motion to dismiss the action upon having the facts showing an unwarrantable delay brought to its attention, and the fact that it was the plaintiff itself who made the motion is immaterial, since the duty of the court in the premises was mandatory, whether or not a motion to dismiss was made under said section by either of the parties to the action."

We believe that the manner in which the facts are brought to the attention of the trial court is entirely immaterial. Where, as in the present case, the facts are admitted and it is made to appear to the trial court that the delay has exceeded the statutory limit without a stipulation extending

the time, the trial court has no alternative but must dismiss the action.

Let a peremptory writ of mandate issue as prayed.

Nourse, P. J., and Sturtevant, J., concurred.